James A. Prestiano, Esq. (JP-6699)
THE LAW OFFICES OF
JAMES A. PRESTIANO, P.C.
631 Commack Road, Suite 2A
Commack, New York 11725
Tel. No. (631) 499-6000
Fax. No. (631) 499-6001
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
OLIVIER ROLIN JACQUEMYNS
AND ELISABETH de BEAUMONT,

Plaintiffs,

-against-

SPARTAN MULLEN ET CIE, S.A.,
SPARTAN MULLEN CHIMAY, LTD.,
CHIMAY CAPITAL MANAGEMENT, INC.,
CHIMAY CAPITAL MANAGEMENT (INT'L) LLC,
GUY ALBERT de CHIMAY, PHILIPPE de CHIMAY,
JASON COLODNE AND JASON BECKMAN,

Defendants.
------------------------------------------------------------------X

10 CV 1586
(CM) (FM)
ECF Case

**COMPLAINT**

OLIVIER ROLIN JACQUEMYNS and ELISABETH de BEAUMONT (collectively referred to herein as the "plaintiffs") by and through their attorneys The Law Offices of James A. Prestiano, P.C. with offices located at 631 Commack Road, Suite 2A, Commack, New York 11725 hereby allege for their Complaint against the defendants as follows:

## PRELIMINARY STATEMENT

1. This is an action for money damages based upon a claim of securities fraud in connection with the sale of securities pursuant to Section 10(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), and Rule 10b-5 promulgated thereunder. This action

also includes claims for common law fraud, breach of contract and unjust enrichment.

2. Defendants, individually and in concert, fraudulently induced the plaintiffs to invest $4,220,000 in a security referred to by Defendants as a "Bridge Loan Facility" ("BLF"). As described by Defendants, the Bridge Loan Facility was to be a short term investment that: (i) pays a two percent (2%) origination fee within five (5) business days of funding; (ii) pays interest at an annual rate of twelve percent (12%) on the principal invested on a quarterly basis during the term; and (iii) pays back the principal investment plus all accrued and unpaid interest at the end of the term.

3. The Defendants acted in furtherance of an agreement to obtain a common purpose – to wit: the funding of CCM, CCM, Int'l, Spartan Mullen and/or SMC, Ltd. (the "Conspiracy"); and that each defendant did jointly and severally commit acts to fraudulently induce Plaintiffs to invest $4,220,000 in in the BLF investments – to wit: by making misrepresentations and omissions of material facts.

4. The representations made by the Defendants concerning the BLF investments, in furtherance of their Conspiracy, induced the plaintiffs to invest $4,220,000 in the BLF investments.

5. Defendants omitted to disclose material facts to Plaintiffs regarding the BLF investment. Defendants omitted to disclose any risks to Plaintiffs regarding the BLF investment, and in fact told Plaintiffs their investments in the BLF investment was guaranteed.

6. Defendants failed to comply with their obligations in connection with the BLF investments as described by Defendants.

7. Defendants have failed to pay Plaintiffs the monies due under their BLF investment and have terminated communications with Plaintiffs.

8. As a direct and proximate result of each of the Defendants' wrongful conduct alleged herein the Plaintiffs have been damaged.

9. Plaintiffs commenced this action to recover its losses in an amount to be determined at trial, but at least $4,500,000 sustained directly as a result of Defendants' wrongful conduct.

10. Plaintiffs respectfully request a judgment holding defendants, jointly and severally, liable for the damages suffered by plaintiffs in an amount to be determined at the trial of this matter, but at least $4,500,000, plus interest, the costs and expenses of this action, including legal fees, punitive damages and for such other and further relief as the court deems appropriate.

**THE PARTIES**

11. Olivier Rolin Jacquemyns ("Rolin"), is an individual who resides in Switzerland.

12. Elisabeth de Beaumont ("de Beaumont"), is an individual who resides in France.

13. Rolin and de Beaumont are collectively referred to herein as the "Plaintiffs."

14. Spartan Mullen Et Cie, S.A. ("Spartan Mullen"), is foreign corporation with offices located in New York, New York. Upon information and belief Spartan Mullen maintained and operated bank accounts in New York, New York.

15. Spartan Mullen Chimay, Ltd. ("SMC Ltd.") is foreign corporation with offices located in New York, New York. Upon information and belief SMC, Ltd. is an investment fund and SMC Ltd. maintained and operated bank accounts in New York, New York.

16. Chimay Capital Management, Inc. ("CCM"), is a corporation organized and existing under the laws of the State of New York with offices located at New York, New York. Upon information and belief Spartan Mullen is the parent company of CCM. Upon information and belief CCM is the promoter and/or investment manager of SMC Ltd.

17. Chimay Capital Management (Int'l) LLC ("CCM Int'l"), organized and existing under the laws of the State of New York with offices located at New York, New York. Upon information and belief CCM Int'l is the promoter and/or investment manager of CCM and SMC Ltd.

18. Guy Albert de Chimay ("Chimay") is an individual who resides at 415 Main Street, New York, New York 10044. Upon information and belief Chimay is the Chairman of CCM. Upon information and belief Chimay is an owner, principal, promoter and/or investment manager of CCM, CCM Int'l, Spartan Mullen and SMC Ltd.

19. Philippe de Chimay ("Philippe") is an individual who resides in Belgium. Upon information and belief Philippe is the Vice Chairman of CCM. Upon information and belief Philippe is an owner, principal, promoter and/or investment manager of CCM, CCM Int'l, Spartan Mullen and SMC Ltd.

20. Jason Colodne ("Colodne") is an individual who resides in New York, New York. Upon information and belief Colodne is the President of CCM. Upon information and belief Colodne is an owner, principal, promoter and/or investment manager of CCM, CCM Int'l,

Spartan Mullen and SMC Ltd.

21. Jason Beckman ("Beckman") is an individual who resides in New York, New York. Upon information and belief Beckman is the Chief Operating Officer of CCM. Upon information and belief Beckman is the owner, principal, promoter and/or investment manager of CCM, CCM Int'l, Spartan Mullen and SMC Ltd.

22. Spartan Mullen, SMC Ltd., CCM, CCM Int'l, Chimay, Philippe, Colodne and Beckman are collectively referred to herein as the "Defendants."

## JURISDICTION

23. The Court has federal question jurisdiction over this matter under 28 U.S.C. Section 1331 pursuant to 15 U.S.C. Section 78j(b), 15 U.S.C. Section 77v(a) and 15 U.S.C. Section 78aa. This Court also has ancillary jurisdiction over all other claims asserted herein pursuant to 28 U.S.C. Section 1367.

24. This Court also jurisdiction over this matter based on diversity of citizenship under 28 U.S.C. Section 1332 because plaintiffs are citizens of a foreign state and defendants are citizens of New York State or other foreign states. Also the amount in controvesey exceeds $75,000.

25. Venue lies in this district under the provisions of 15 U.S.C. Section 77v(a) and 28 U.S.C. Section 1391, Defendants have offices in this District and because among other things a substantial part of events, representations and omissions giving rise to the claims occurred in this District.

26. In connection with the acts, conduct, and combinations alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the mails, and telephone communications.

**STATUTE OF LIMITATIONS**

27. Rolin made his investments in the BLF investment with Defendants in October 2008 and January 2009.

28. De Beaumont made her investments in the BLF investments with Defendants in December 2008 and January 2009.

29. Plaintiffs commenced this action for a claim of securities fraud against Defendants in connection with the sale of the BLF investments based on violations of Section 10(b) of the Exchange Act within two years of the date the Plaintiffs invested in the BLF investments promoted by the Defendants.

30. The applicable statute of limitations for Plaintiffs' federal securities law claims is the earlier of: (a) 2 years after the discovery of the facts constituting the violation; or (b) 5 years after such violation. *See* 28 U.S.C. § 1658 (b).

31. Accordingly, Plaintiffs' claims for securities fraud have been filed within the time period prescribed by the applicable statutes of limitation.

**STATEMENT OF FACTS**

32. In or about October 2008, Plaintiffs were presented with an investment opportunity with the Defendants. Specifically, Chimay, in furtherance of the Defendants' Conspiracy, described an investment, on behalf of CCM, in a safe short term investment, the

BLF, that would achieve returns of approximately twelve percent (12%) per annum plus a two percent (2%) oringination fee. Attached hereto as Exhibit 1 is a copy of an email from Chimay to de Beaumont, dated October 9, 2008, describing the BLF investment.

33. Specifically, Chimay, in furtherance of the Defendants' Conspiracy, advised Plaintiffs, in or about the first week of October 2008, that:

a. the BLF investment was a safe short term investment;

b. the BLF investment would pay a 2% origination fee within 5 days of funding;

c. the BLF investment would pay interest on the principal investment at the rate of 12% per annum on a quarterly basis during the term of the investment;

d. the principal investment, plus all unpaid and accrued interest would be paid to the investor upon the end of the BLF investment term;

e. the Plaintiffs BLF investment was guaranteed by CCM and Spartan Mullen;

f. that CCM and Spartan Mullen, jointly had more than $100,000,000 in assets; and

g. the Belgium princely family de Caraman Chimay had also invested in the BLF investment.

34. Attached hereto as Exhibit 2 is a presentation regarding the BLF investment that was provided to Plaintiffs by Defendants. Exhibit 2 confirms many of the representations that were made to Plaintiffs by Defendants in connection with the BLF investment.

35. On or about October 13, 2008, Rolin executed the documents provided by Chimay and CCM in connection with the BLF investment and invested $2,000,000 in the CCM BLF investment ("Rolin's October 2008 Investment"). Attached hereto as Exhibit 3 is a copy of the

offering documents concerning Rolin's October 2008 Investment.

36. Purusant to Rolin's October 2008 Investment and at the direction of Chimay and CCM, Rolin wired $2,000,000 to Spartan Mullen on or about October 13, 2008.

37. On or about December 9, 2008, de Beaumont executed the documents provided by Chimay and CCM in connection with the BLF investment and invested $200,000 in the BLF investment ("Beaumont's December 2008 Investment"). Attached hereto as Exhibit 4 is a copy of the offering documents concerning Beaumont's December 2008 Investment.

38. Purusant to Beaumont's December 2008 Investment and at the direction of Chimay and CCM, Beaumont wired $200,000 to Spartan Mullen on or about December 9, 2008.

39. On or about January 26, 2009, Rolin executed the documents provided by Chimay and CCM in connection with the BLF investment and invested $2,000,000 in the BLF investment ("Rolin's January 2009 Investment"). Attached hereto as Exhibit 5 is a copy of the offering documents concerning Rolin's January 2009 Investment.

40. Purusant to Rolin's January 2009 Investment and at the direction of Chimay and CCM, Rolin wired $2,000,000 to Spartan Mullen on or about January 26, 2009.

41. On or about January 26, 2009, de Beaumont executed the documents provided by Chimay and CCM in connection with the BLF investment and invested $20,000 in the BLF investment ("Beaumont's January 2009 Investment"). Attached hereto as Exhibit 6 is a copy of the offering documents concerning Beaumont's January 2009 Investment.

42. Purusant to Beaumont's January 2009 Investment and at the direction of Chimay and CCM, Beaumont sent $20,000 to Spartan Mullen on or about January 26, 2009.

43. Defendants failed to pay the origination fees to the Plaintiffs that were due under

the BLF investment.

44. Defendants failed to pay the interest payments to the Plaintiffs that accrued under the BLF investment.

45. Defendants miscalculated the interest that accrued on the Plaintiffs' BLF investments.

46. Attached hereto as Exhibit 7 are the quarterly statements Defendants provided to Rolin concerning his BLF investments. We note the origination fee and interest on Rolin's investments were miscalculated.

47. Attached hereto as Exhibit 8 are the quarterly statements Defendants provided to Beaumont concerning her BLF investments. We note the interest on Beaumont's investments were miscalculated.

48. Other than the quarterly statements attached hereto as Exhibits 7 and 8, Plaintiffs have not received any documents or information from the Defendants concerning the BLF investments.

49. Upon information and belief, during all relevant times alleged herein, Chimay, Philippe, Colodne and Beckman were the beneficial owners of CCM, CCM Int'l, Spartan Mullen and SMC, Ltd. and/or have a beneficial interest in CCM, CCM Int'l, Spartn Mullen and SMC, Ltd.

50. Upon information and belief, during all relevant times alleged herein, Chimay, Philippe, Colodne and Beckman were control persons of CCM, CCM Int'l, Spartan Mullen and SMC, Ltd.

51. By reason of their position as control persons of CCM, CCM Int'l, Spartan Mullen and SMC, Ltd.; Chimay, Philippe, Colodne and Beckman were able to and did, directly or indirectly, exercise control over the wrongful acts set out in this complaint.

52. To discharge their duties, Chimay, Philippe, Colodne and Beckman were each required to exercise reasonable and prudent supervision over the management, policies, practices, and controls of CCM. By virtue of these duties, Chimay, Philippe, Colodne and Beckman were required to, among other things:

a. Ensure that the affairs of CCM were conducted in a businesslike manner and that the Plaintiffs' investments in the BLF investment were managed in accordance with the representations made to Plaintiffs;

b. Ensure that CCM utilized the proceeds of Plaintiffs' investments in the BLF investment in accordance with the representations made to Plaintiffs; and

c. Exercise good faith in safeguarding Plaintiffs' investments in the BLF investment.

53. Chimay, Philippe, Colodne and Beckman as executive officers and principals of CCM knew or should have known about Plaintiffs investment in the BLF investments.

54. Upon information and belief, during 2009, Colodne and Beckman left CCM. Defenants never advised Plaintiffs that Colodne and Beckman left CCM or why Colodne and Beckman left CCM.

55. During the fall of 2009, Plaintiffs contacted Chimay and CCM regarding the status of their BLF investments, including the fact that Defendants failed to pay Rolin his second and third quarter interest payments due under Rolin's October 2008 Investment and Rolin's

January 2009 Investment.

56. Chimay and CCM gave Plaintiffs false and misleading excuses as to why Rolin's interest payments were not made.

57. In or about December 2009, Chimay and CCM advised Plaintiffs that all outstanding payments due under the BLF investments will be paid by January 2009. Plaintiffs did not receive any of the payments promised by Chimay and CCM.

58. Since then Plaintiffs have attempted on several occasions to contact Defendants regarding their BLF investments, but the Defendants have been evasive and non-responsive.

59. As a result of Defendants' wrongful conduct, the Plaintiffs have been damaged in an amount to be determined at trial, but at least $4,500,000.

60. Based on the foregoing Plaintiffs respectfully request a judgment holding the Defendants jointly and severally liable for the damages suffered by Plaintiffs in an amount to be determined at trial, but at least $4,500,000 plus interest, attorneys' fees and the expenses and costs of this proceeding.

**FIRST CLAIM FOR RELIEF**
**AGAINST DEFENDANTS SEEKING MONEY DAMAGES**
**FOR VIOLATIONS OF SECTION 10(b) OF THE SECURITIES**
**EXCHANGE ACT AND RULE 10B-5 PROMULGATED THEREUNDER**

61. All preceding paragraphs are incorporated by reference as if fully set forth here.

62. Defendants violated Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. Section 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. Section 240.10b-5] (collectively referred to as the "Federal Securities Laws"), in that, through the means and instrumentalities of interstate commerce and the mails, the Defendants:

(a) employed devices, schemes and artifices to defraud;

(b) made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, including, inter alia, defendants fraudulent inducement to cause the Plaintiffs to invest $4,220,000 in the BLF investment and upon the representations of the Defendants made in furtherance of the defendants' conspiracy; and

(c) engaged in acts, practices, and a course of business that operated as a fraud against the plaintiffs.

63. Defendants violated the Federal Securities Laws in connection with the sale of the BLF investments by knowingly or recklessly:

(a) making material misrepresentations of fact concerning, among other things, the safety and low risk nature of the BLF investments, the terms and conditions of the BLF investments and the guarantees of the monies invested by Plaintiffs in the BLF investments; and

(b) failing to disclose material facts the Defendants were under a duty to disclose to the Plaintiffs at the time the statements were made, such as the risks associated with the BLF investments and the financial condition of the Defendants.

64. Specifically, Chimay, in furtherance of the Defendants' Conspiracy, told Plaintiffs, in or about the first week of October 2008, to induce Plaintiffs to invest in the BLF investment, that:

a. the BLF investment was a safe short term investment;

b. the BLF investment would pay a 2% origination fee within 5 days of funding;

c. the BLF investment would pay interest on the principal investment at the rate of 12% per annum on a quarterly basis during the term of the investment;

d. the principal investment, plus all unpaid and accrued interest would be paid to the investor upon the end of the BLF investment term;

e. the Plaintiffs' BLF investment was guaranteed by CCM and Spartan Mullen;

f. that CCM and Spartan Mullen jointly had more than $100,000,000 in assets; and

g. the Belgium princely family de Caraman Chimay had also invested in the BLFs.

65. Upon information and belief, the representations set forth in pargarph 64 above, are false.

66. Prior to the Plaintiffs' BLF investment the Defendants made specific mispresentations concerning Defendants, to induce the Plaintiffs to invest $4,220,000 in the BLF investments, including, but not limited to, the following:

a. that Chimay had the credentials and qualifications to manage and invest Plaintiffs BLF investment;

b. that Defendants' assets under management were approximately $200,000,000;

c. that the Defendants had been offering the BLF investments for the past eight years;

67. Prior to the Plaintiffs' BLF investement, Defendants omitted to disclose to the plaintiffs the following material facts concerning Defendants and the BLF investment:

a. the risks associated with the BLF investments;

b. the lack of management experience of the Defendants;

c. the financial troubles of the Defendants; and

d. the true nature of the characteristics of the BLF investment.

68. Plaintiffs relied on the representations of Defendants in deciding to invest $4,220,000 in the BLF investments and have been damaged as a direct result of such reliance.

69. Had plaintiffs known the Defendants' representations concerning the BLF investment were false the Plaintiffs would not have invested $4,220,000 in the BLF investment.

70. The Plaintiffs justifiably relied on Defendants the offering documents (*see* Exhibits 3, 4, 5 and 6 attached hereto) and on each of the other written or verbal material misrepresentations made by Defendants concerning the BLF investments. The Defendants' material misrepresentations induced the Plaintiffs to invest $4,220,000 in the BLF investments.

71. The Plaintiffs have suffered damages as a direct and proximate result of the Defendants' actions, including Defendants' misrepresentation and omission of material facts.

72. Based on the foregoing the Defendants have violated the Federal Securities Laws.

73. Based on the foregoing the Plaintiffs respectfully request a judgment against Defendants, jointly and severally, for an amount to be determined at trial, but at least $4,500,000, representing the damages sustained by Plaintiffs as the result of the Defendants' wrongful conduct in violation of the Federal Securites Laws plus interest, attorneys' fees, expenses of this action.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS SEEKING RESCISSION AND RESTITUTION FOR VIOLATIONS OF SECTION 10(b) OF THE SECURITIES EXCHANGE ACT AND RULE 10B-5 PROMULGATED THEREUNDER**

74. All preceding paragraphs are incorporated by reference as if fully set forth here.

75. Based on the foregoing the Defendants have violated the Federal Securities Laws.

76. Based on the foregoing the Plaintiffs respectfully request a judgment rescinding the Plaintiffs' investment of $4,220,000 in the BLF investments and holding the Defendants, jointly and severally, liable to the Plaintiffs for $4,500,000 plus interest, attorneys' fees, expenses of this action.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS FOR COMMON LAW FRAUD (FRAUDULENT INDUCMENT)**

77. All preceding paragraphs are incorporated by reference as if fully set forth here.

78. Defendants knowingly, fraudulently, and with the intent to deceive the Plaintiffs, misrepresented material facts to the Plaintiffs to fraudulently induce the Plaintiffs to invest $4,220,000 in the BLF investments.

79. Defendants, acting in concert, knowingly, fraudulently and with the intent to deceive the Plaintiffs, failed to disclose material facts the Defendants were under a duty to disclose to the Plaintiffs at the time the statements were made.

80. Defendants conduct has operated as a fraud upon the Plaintiffs and the Plaintiffs have suffered damages.

81. Defendants fraudulently induced the Plaintiffs to invest $4,220,000 in the BLF investments.

82. Defendants misrepresented material facts or omitted to disclose material facts to the Plaintiffs in connection with the Plaintiffs' investment of $4,220,000 in BLF investments.

83. In making said misrepresentations, the Defendants misstated and omitted to state facts material and necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

84. At the time of the misrepresentations the Plaintiffs were unaware of their falsity, and believed the Defendants' representations to be true.

85. In reliance on Defendants' misrepresentations, and in reliance of the superior knowledge and expertise of the Defendants, the Plaintiffs were fraudulently induced to and did invest $4,220,000 in the BLF investments.

86. Defendants have not returned any part of the Plaintiffs $4,220,000 principal investment in the BLF investment or the origination fees earned by Plaintiffs. Additionally, the Defendants have failed to pay most of the interest accrued on Plaintiffs' BLF investments.

87. Defendants were unjustly enriched by fraudulently inducing Plaintiffs to invest in the BLF investments.

88. Based on the foregoing the Plaintiffs respectfully request a judgment against Defendants, jointly and severally, for compensatory damages in an amount to be determined at trial, but at least $4,500,000, representing the damages sustained by Plaintiffs as the result of the Defendants' wrongful conduct.

89. Plaintiffs also ask for interest on the compensatory damages plus reimbursement of all costs and expenses (including reasonable attorenys' fees) incurred in connection with this action.

90. By virtue of the Defendants' intentional wanton and reckless conduct, the Plaintiffs ask for a judgment of punitive damages against the Defendants in an amount to be determined by the Court.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS FOR INTENTIONAL MISREPRESENTATION

91. All preceding paragraphs are incorporated by reference as if fully set forth here.

92. Defendants misrepresented material facts or omitted to disclose material facts to the Plaintiffs in connection with the Plaintiffs' investment of $4,220,000 in the BLF investments.

93. In making said misrepresentations, the Defendants misstated and omitted to state facts material and necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

94. At the time of the misrepresentations the Plaintiffs were unaware of their falsity, and believed the Defendants' representations to be true.

95. In reliance on Defendants' misrepresentations, and in reliance of the superior knowledge and expertise of the Defendants, the Plaintiffs were fraudulently induced to and did invest $4,220,000 in the BLF investments.

96. Had the Plaintiffs known the truth, the Plaintiffs would not have invested $4,220,000 in the BLF investments.

97. Based on the foregoing the Plaintiffs respectfully request a judgment holding the Defendants, jointly and severally, liable for compensatory damages in an amount to be determined at trial, but at least $4,500,000, representing the damages sustained by Plaintiffs as

the result of the Defendants' wrongful conduct.

98. Plaintiffs also ask for interest on the compensatory damages plus reimbursement of all costs and expenses (including reasonable attorenys' fees) incurred in connection with this action.

99. By virtue of the Defendants intentional, wanton and reckless conduct, the Plaintiffs also ask for a judgment of punitive damages against the Defendants in an amount to be determined by the Court for the intentional, wanton and reckless conduct of the Defendants.

**FIFTH CLAIM FOR RELIEF**
**AGAINST DEFENDANTS FOR BREACH OF CONTRACT**

100. All preceding paragraphs are incorporated by reference as if fully set forth here.

101. Rolin eneterd into a contract with Defendants in connection his investment in the BLF investment. *See* Offering documents for Rolin's October 2008 Investment and Rolin's January 2009 Investment which are attached hereto as Exhibit 3 and Exhibit 5 (the "Rolin BLF Contracts").

102. CCM and Spartan Mullen guaranteed Rolin's investments in the BLF investment.

103. Defendants breached the material terms of the Rolin BLF Contracts by failing to pay Rolin his origination fee, accrued intrest and to return of the principal.

104. CCM and Spartan Mullen failed to pay the monies owed to Rolin under the guarantees.

105. Based on Defedants breach of the Rolin BLF Contracts, Rolin has been damaged in an amount to be determined at trial, but at least $4,250,000 plus intest.

106. De Beaumont eneterd into a contract with Defendants in connection her

investment in the BLF investment. *See* Offering documents relating to Beaumont's October 2008 Investment and Beaumont's January 2009 Investment which are attached hereto as Exhibit 4 and Exhibit 6 (the "Beaumont BLF Contracts").

107. CCM and Spartan Mullen guaranteed de Beaumont's investments in the BLF investment.

108. Defendants breached the material terms of the Beaumont BLF Contracts by failing to pay de Beaumont her origination fee, accrued interest and to return of the principal.

109. CCM and Spartan Mullen failed to pay the monies owed to de Beaumont under the guarantees.

110. Based on Defedants breach of the Beaumont BLF Contracts, de Beaumont has been damaged in an amount to be determined at trial, but at least $250,000 plus interest.

111. Based on the Defendants breach of the Rolin BLF Contracts and the Beaumont BLF Contracts; the Plaintiffs respectfully request a judgment holding the Defendants, jointly and severally, liable in an amount to be determined at trial, but at least $4,500,000 plus interest, attorneys' fees, expenses of this action.

## SIXTH CLAIM FOR RELIEF
## AGAINST CCM AND SPARTAN MULLEN FOR BREACH OF GUARANTY

112. All preceding paragraphs are incorporated by reference as if fully set forth here.

113. CCM and Spartan Mullen guaranteed all payments due under the Rolin BLF Contracts.

114. CCM and Spartan Mullen guaranteed all payments due under the Beaumont BLF Contracts.

115. CCM and Spartan Mullen failed to pay Rolin all monies due under the Rolin BLF Contracts, despite demand therefor.

116. Accordingly, CCM and Spartan Mullen breached their guarantee to pay Rolin all monies due under the Rolin BLF Contracts, despite demand therefor.

117. CCM and Spartan Mullen failed to pay de Beaumont all monies due under the Beaumont BLF Contracts, despite demand therefor.

118. Accordingly, CCM and Spartan Mullen breached their guarantee to pay de Beaumont all monies due under the Beaumont BLF Contracts, despite demand therefor.

119. Based on the CCM's and Spartan Mullen's breach of their guarantee of the Rolin BLF Contracts and the Beaumont BLF Contracts; the Plaintiffs respectfully requests a judgment holding the CCM and SMC, Ltd., jointly and severally, liable in an amount to be determined at trial, but at least $4,500,000 plus interest, attorneys' fees, expenses of this action.

**SEVENTH CLAIM FOR RELIEF**
**AGAINST DEFENDANTS FOR UNJUST ENRICHMENT**

120. All preceding paragraphs are incorporated by reference as if fully set forth here.

121. By their wrongful acts and omissions, Defendants were unjustly enriched at the expense of and to the detriment of Plaintiffs.

122. Plaintiffs seek restitution from the Defendants and an order of this Court directing the Defendants to disgorge all profits, benefits, and other compensation obtained by Defendants, and each of them, from their wrongful conduct.

123. Based on the foregoing the Plaintiffs respectfully requests a judgment holding the Defendants, jointly and severally, liable in an amount to be determined at trial, but at least $4,500,000.

**WHEREFORE**, Plaintiffs pray for a judgment against the Defendants holding the Defendants jointly and severally liable:

I. On the First Claim for Relief: damages in an amount to be determined at trial, but at least $4,500,000, plus interest, attorneys' fees, expenses of this action;

II. On the Second Claim of Relief: rescission of the Plaintiffs investment in the BLF invesmtnes and damages in an amount to be determined at trial, but at least $4,500,000, plus interest, attorneys' fees, expenses of this action;

III. On the Third Claim for Relief: damages in an amount to be determined at trial, but at least $4,500,000, plus interest, attorneys' fees, expenses of this action and punitive damages as determined by the Court;

IV. On the Fourth Claim for Relief: damages in an amount to be determined at trial, but at least $4,500,000, plus interest, attorneys' fees, expenses of this action and punitive damages as determined by the Court;

V. On the Fifth Claim for Relief: damages in an amount to be determined at trial, but at least $4,500,000, plus interest, attorneys' fees and expenses of this action;

VI. On the Sixth Claim for Relief: damages in an amount to be determined at trial, but at least $4,500,000, plus interest, attorneys' fees and expenses of this action;

VII. On the Seventh Claim for Relief: damages in an amount to be determined at trial, but at least $4,500,000, plus disgorgement of any payments, gain or compensation paid to the Defendants; and

VIII. Plaintiffs' costs and expenses incurred in connection with this action, including attorney's fees, and for such other relief as the Court deems appropriate.

**JURY DEMAND**

The Plaintiffs respectfully demand a trial by jury.

Dated: Commack, New York
February 22, 20110

THE LAW OFFICES OF
JAMES A. PRESTIANO, P.C.

JAMES A. PRESTIANO, ESQ. (JP-6699)
Attorney for Plaintiffs
631 Commack Road, Suite 2A
Commack, New York 11725
(631) 499-6000